UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYREE M. NEAL, JR.,

   Petitioner,

       v.                                   Civil No. 19-cv-1360-JPG

UNITED STATES OF AMERICA,       Criminal No 14-cr-40076-JPG

   Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Tyree M. Neal Jr.'s motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

**I.    Background**

In August 2014, a grand jury indicted Neal on one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a) and (b)(1)(C).  After Neal was apprehended in early 2015, the Government filed an information under 21 U.S.C. § 851 seeking enhanced penalties based on Neal's prior Illinois conviction for unlawful delivery of cocaine/controlled substance, a Class 1 felony.  Represented by attorney Heather Lynn Winslow, Neal pled guilty on August 4, 2016.  Prior to accepting the plea, the Court conducted a plea colloquy that substantially complied with Federal Rule of Criminal Procedure 11.  Specifically, it advised Neal that, with the § 851 enhancement, his statutory sentencing range was up to 30 years in prison.  The parties further informed the Court that it was not clear whether Neal would qualify as a career offender. The presentence investigation report found Neal was a career offender based on his prior Illinois drug delivery conviction as well as an Illinois aggravated battery conviction.

After the plea but prior to sentencing, the Court allowed Winslow to withdraw as counsel and appointed Christian Goeke.  With Goeke representing Neal, the Court held a hearing on the

sole issue of whether Neal was a career offender. While the hearing focused on whether the aggravated battery conviction was a qualifying predicate offense, the Court ultimately found Neal's prior Illinois convictions for aggravated battery, aggravated assault, and delivery of cocaine all qualified as predicate offenses supporting career offender status.

After a two-day sentencing hearing, the Court sentenced Neal on September 29, 2017, to serve 360 months in prison. Neal appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on October 22, 2018, affirmed the Court's decision. *See United States v. Neal*, 907 F.3d 511 (7th Cir. 2018). Neal did not seek a writ of *certiorari* from the Supreme Court.

## II.    § 2255 Motion

In his timely § 2255 motion, the petitioner argues that his various counsel were constitutionally ineffective in violation of his Sixth Amendment rights in the following ways:

Ground 1:   In her advice leading to Neal's guilty plea, Winslow vastly underestimated his sentencing exposure, indicated it appeared he would not be a career offender and that the Government's § 851 enhancement would not apply, promised he would get a sentence of less than ten years, and told him to ignore the Court's advisement of the statutory sentencing range during the plea colloquy, all of which led to his guilty plea not being knowing and voluntary;

Ground 2:   At the career offender status hearing and the sentencing, Goeke failed to object to the § 851 enhancement and to the use of Neal's prior convictions for delivery of a controlled substance and aggravated assault to support career offender status; and

Ground 3:   On appeal, Christiansen failed to raise the issues of the improper use of the § 851 enhancement and of Neal's prior convictions for delivery of a controlled substance and aggravated assault to support career offender status.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United

States District Courts, the Court has determined that none of the grounds Neal asserts for relief can be rejected based solely on the motion and the record of the prior proceedings. Accordingly, the Court will order the Government to respond to the motion.

### III.     Conclusion

The Court **ORDERS** the Government to file a response to the petitioner's § 2255 motion within **FORTY-FIVE DAYS** of the date this order is entered.   The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.

**IT IS SO ORDERED.**
**DATED:   May 11, 2020**

>                           s/ J. Phil Gilbert
>                           **J. PHIL GILBERT**
>                           **DISTRICT JUDGE**