UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYREE M. NEAL, JR.,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 19-cv-1360-JPG

Criminal No 14-cr-40076-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Tyree M. Neal Jr.'s motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court has denied that motion in all but one respect: Neal's argument that his appellate counsel, Assistant Federal Public Defender Johanna M. Christiansen, was constitutionally ineffective for failing to make one particular argument. That argument is that, under the categorical approach as explained in *Mathis v. United States*, 579 U.S. 500 (2016), and applied in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021), Neal's prior state conviction for unlawful delivery of cocaine in violation of 720 ILCS 570/401(c)(2) (2007) could not have supported an enhanced statutory sentencing range for recidivism under 21 U.S.C.§ 841(b)(1)(C). Pertinent details of Neal's case and the legal issues the parties now present are set forth extensively in the Court's July 8, 2021, order, which the Court declines to revisit in detail here (Doc. 27). This order should be considered as incorporating the contents of the prior order, so a brief summary here will do.

**I.**     **Background**

At the time of Neal's sentencing, Illinois felony convictions for delivery of controlled substances, including cocaine specifically, were routinely accepted as "felony drug offenses" for

the purposes of § 841(b)(1).  The Seventh Circuit Court of Appeals had not yet called for application of the categorical approach in that context, although beginning in 2018, such arguments were gaining traction.  *See Brock-Miller v. United States*, 887 F.3d 298 (7th Cir. Apr. 3, 2018) (reserving for another day the question of whether the categorical approach should be used for convictions for recidivism enhancement purposes); *United States v. Elder*, 900 F.3d 491, 497 (7th Cir. Aug. 15, 2018) (applying categorical approach to find Arizona criminal statute prohibiting possession of equipment for manufacturing "dangerous drugs" covered drugs that federal definition did not, so conviction could not support recidivism enhancement).  On July 20, 2020, the Court of Appeals decided *Ruth*, making it crystal clear that Neal's prior Illinois cocaine conviction could not support an enhanced sentencing range under § 841(b)(1)(C) because Illinois law defined cocaine more broadly than federal law.  *Id.* at 647-48, 650.

The Court concluded that during Neal's appeal, "advocating the use of the categorical approach in this [recidivism enhancement] context would have been a reasonable, non-frivolous argument, but it would not have reflected the actual state of the law."  Mem. & Order 20 (Doc. 27).  That led the Court to ask whether Christiansen, who began representing Neal before the *Brock-Miller* decision expressly acknowledged the question, was deficient for failing to evaluate whether she could assemble the building blocks of such an argument and raise it as plain error in Neal's appeal.  *See Bridges v. United States*, 991 F.3d 793, 798, 804 (7th Cir. 2021).

The Court appointed Neal counsel and held an evidentiary hearing on this matter on July 18, 2022 (Doc. 61).  Christiansen was the only witness called.  The parties have submitted post-hearing briefs (Docs. 66 & 73), and the matter is ready for decision.

2

**II.     Analysis**

The question before the Court is whether Christiansen was constitutionally ineffective for failing to challenge use of the recidivism enhancement in § 841(b)(1)(C) based on a prior Illinois cocaine offense. As the Court noted in its July 8, 2021, order, the two components of a claim that counsel was constitutionally ineffective in violation of a defendant's Sixth Amendment rights are: (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).

    A.     Deficient Performance

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions that took counsel's performance outside the wide range of professionally competent assistance. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). Appellate counsel is not deficient for failing to "raise every non-frivolous issue under the sun." *Mason v. Hanks,* 97 F.3d 887, 893 (7th Cir. 1996). Counsel is deficient "only if she fails to argue an issue that is both 'obvious' and 'clearly stronger' than the issues actually raised." *Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015); *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). And her performance must be judged in the context of the law at the time her performance was rendered. *Harris v. United States*, 13 F.4th 623, 629 (7th Cir. 2021).

At the July 18, 2022, hearing, Christiansen testified that when reviewing the record of Neal's case in late 2017, when she began representing Neal on appeal, she considered a categorical approach challenge to the validity of the information under 21 U.S.C. § 851 to support the recidivism enhancement under 21 U.S.C. § 841(b)(1)(C). She weighed whether the

3

argument she had been advancing for quite a while—and which was ultimately accepted in August 2018—in *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), would have applied to Neal's case but concluded that it would not because the cases were distinguishable, and Neal had not preserved the issue for appeal.

At issue in *Elder* was whether a 1999 Arizona statute criminalizing possession of certain items for manufacturing "dangerous drugs" was overbroad under the categorical approach for the purposes of the recidivism enhancements in § 841(b)(1). The Court of Appeals for the Seventh Circuit ultimately held that it was overbroad because Arizona defined "dangerous drugs" to include more types of drugs that those covered by § 841(b)(1)(C)'s reference to a "felony drug offense." *Elder*, 900 F.3d 497. *Elder* was a case of first impression before the Seventh Circuit regarding whether the categorical approach applied to § 841(b)(1)'s recidivism enhancements, and the Court answered that it did. *Id.* at 498.

Prior to the *Elder* decision, Christiansen considered whether the categorical approach was a viable argument in Neal's case. She considered whether Neal's prior conviction under 720 ILCS 570/401(c)(2), which prohibited certain activities involving "1 gram or more but less than 15 grams of any substance containing cocaine," covered more drugs than federal law did. She concluded that they both covered cocaine, so she did not think Illinois law was broader than the federal definition of "felony drug offense." She thought her position regarding the categorical approach in *Elder* simply would not apply to Neal, so it was not an obvious issue for appeal and would face plain error review. Consequently, she did not advance the argument in Neal's opening appellate brief filed in May 2018 or in his reply brief filed in July 2018, both of which occurred before *Elder* was decided. Indeed, Neal's briefing was completed a month before the

4

Seventh Circuit even decided that the categorical approach applied in determining a "felony drug offense" for § 841(b)(1)'s recidivism enhancements.  Neal's appellate oral argument was in October 2018, and no attorney or judge raised the specter of a categorical approach problem or even noted the absence of such an argument.

Although Christiansen considered whether the categorical approach argument was viable in Neal's case, she did not drill down far enough to forecast its relevance.  Had she examined the definitions of "cocaine" at a more granular level, she likely would have recognized that Illinois's definition of "cocaine"—which includes positional isomers of cocaine, 720 ILCS 570/206(b)(4)—was broader than the federal definition—which does not include positional isomers, 21 U.S.C. § 812 (Schedule II(a)(4)).  This was the eye-opening revelation of *Ruth* in July 2020.  Christiansen explained that she did not consider taking this deeper dive at the time of Neal's appeal, although in hindsight she realized she should have.  *See, e.g., Harris*, 13 F.4th at 630 (suggesting the isomer-based categorical approach argument is not more complex or obscure than any other categorical approach argument).[1]

In fact, the first published decision this Court has found from any Court of Appeals applying the categorical approach to differences between state and federal definitions of specific

---

[1] This Court is not as convinced as the *Harris* court that the isomer argument was ripe for the picking.  Indeed, as Christiansen noted in her testimony, at the time of Neal's appeal, "It was developing in the circuits regarding whether the categorical approach applied to 851, and the Government argued fairly strenuously that it did not in *Elder* and whether you could challenge 851 predicates in the same way you could challenge an armed career criminal predicate."  Hrg. Tr. 26:2-7 (Doc. 69 at 26).  The application of the categorical approach to prior "felony drug offenses"—much less such an argument based on an isomer discrepancy—was not a foregone conclusion in the trenches.  This is evidenced by the substantial number of excellent criminal defense attorneys who failed to make the isomer-based categorical approach argument in this Court before *Ruth*, as well as the district courts in *Ruth* and other cases that rejected similar arguments until *Ruth* was decided.

5

drugs was not handed down until after the opportunities to raise the argument in Neal's appeal.[2] The earliest published Court of Appeals decision the Court can locate is *Lorenzo v. Sessions*, 902 F.3d 930 (9th Cir. 2018), decided in August 2018, after Neal's appellate briefing was complete but before his oral argument.   In that case, the Ninth Circuit Court of Appeals determined that California's definition of methamphetamine was broader than the federal definition for purposes of a deportation statute because it included more isomers.   *Id.* at 934.   The decision was eventually withdrawn and replaced, but by that time the argument had been established on the legal map.   *See Lorenzo v. Whitaker*, 752 F. App'x 482, 484 (9th Cir. 2019).

In the Seventh Circuit, the first acceptance of such an argument based on the discrepancy in the types of isomers included in state and federal drug definitions was in October 2019 in *United States v. De La Torre*, 940 F.3d 938, 952 (7th Cir. 2019) (applying categorical approach to divergent methamphetamine isomer definitions).   This was nearly an entire year after the Court of Appeals affirmed Neal's conviction.   And the argument was accepted specifically with respect to divergent cocaine isomer definitions in *Ruth*, decided in July 2020.   By that time, constitutionally effective counsel should have recognized the argument and made it when applicable.

While it certainly would not have been deficient to raise the *Ruth*-like argument in Neal's appeal, competent counsel was not *required* to raise it.   Although the building blocks existed to

---

[2] One unpublished decision, *United States v. Jimenez-Ibarra*, 695 F. App'x 767 (5th Cir. 2017), considered whether, under the categorical approach, a Texas statute was overbroad because it covered positional isomers of cocaine where the federal Controlled Substances Act did not.   *Id.* at 770-71.   The Fifth Circuit Court of Appeals avoided deciding the question directly but held that any error in finding the Texas statute was not overbroad would not have been "plain error" because that court had not previously addressed the issue, which was unsettled in the circuit.   *Id.* at 771.

6

make the argument, they had not been brought together such that a competent attorney *must* have recognized their significance.  That time occurred sometime after Neal's appeal was over, but it was not necessarily apparent to constitutionally competent counsel at that time.

In sum, the Court finds that Christiansen was competent in recognizing the argument that the categorial approach should be used to determine whether a prior state conviction qualifies as a "felony drug offense" under § 841(b)(1).  She was also competent in recognizing that Neal's case was different from *Elder*, so *Elder*'s flaw was not present in Neal's case.  The Court also believes she was competent even in failing to identify the further granular-level argument about the isomer disparity in the Illinois and federal definitions of cocaine.  Although it would have been fortunate for Neal had Christiansen put the building blocks together for his appeal—had she, we might be talking about the eye-opening *Neal* case instead of the eye-opening *Ruth* case—she was not constitutionally ineffective for failing to do so.

The argument was neither obvious nor clearly stronger than the arguments Christiansen raised on appeal, especially considering it would have faced plain error review.  Christiansen recognized a viable argument that Neal's conduct really only amounted to a buyer-seller relationship, an issue that had been preserved for appeal.  Her judgment that this argument was stronger was not deficient performance.

      B.    <u>Prejudice</u>

Even though the Court has decided Christiansen's performance was not deficient, it addresses the prejudice prong so that, if the Court of Appeals disagrees with is performance assessment, the Court's prejudice assessment will be clear.

To satisfy the second prong of the *Strickland* test, the plaintiff "must demonstrate 'a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"   *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694).

Neal has shown prejudice from Christiansen's performance.   There is a reasonable chance that she could have successfully argued to the Court of Appeals that the Court committed plain error by failing to use the categorical approach to apply the recidivism enhancement based on Neal's prior state conviction for an Illinois cocaine offense.   Had she been successful in this argument, Neal's statutory sentencing range under 21 U.S.C. § 841(b)(1)(C) would have been no more than 20 years, and his 360-month sentence of imprisonment would have been excessive by a decade.

### III.   Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).   To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."   *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).

The Court finds that Neal has made an adequate showing to warrant a certificate of appealability on the following question:

- Whether Neal was denied his Sixth Amendment right to effective assistance of counsel on appeal because counsel failed to object to the use of the recidivism enhancement under 21 U.S.C. § 841(b)(1)(C) based on a prior Illinois conviction for unlawful delivery of cocaine, which *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021), later established as insufficient to support that enhancement under the categorical approach.

The Court will deny a certificate of appealability as to all other issues raised in this case.

## IV.  Conclusion

For the foregoing reasons, the Court:

- **DENIES** Neal's § 2255 motion based on Christiansen's ineffectiveness on direct appeal as described above and in all other respects;

- **GRANTS** a certificate of appealability on the question set forth in the prior section of this order but **DENIES** a certificate of appealability in all other respects;

- **DENIES as moot** Neal's *pro se* motion objecting to the extension of the Government's brief deadline (Doc. 72); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

The Court further **ADVISES** Neal that generally, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), he has 60 days from entry of judgment to file a notice of appeal. Appointed counsel shall continue to represent Neal through the appeal period and, if a notice of appeal is filed, may seek leave to withdraw from the Court of Appeals.

**IT IS SO ORDERED.**
**DATED:   March 15, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
